IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HOWARD ROBERT HOFELICH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0950-MJR |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.* ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff Howard Hofelich's motion for leave to proceed *in forma pauperis* (Doc. 2). For the reasons that follow, the Court **DENIES** that motion (Doc. 2) and **DISMISSES** this cause of action without prejudice.

On November 16, 2006, Howard Robert Hofelich filed suit in this Court against at least 99 separate defendants – both named and unnamed – and including the United States of America, three separate states, and at least eighty named and unnamed individuals, corporations and government entities (*see* Doc. 1). Hofelich's complaint is nearly seventy pages long and is written in a mostly random manner, is repetitive, and in many portions virtually incomprehensible. The gist of Hofelich's cause of action – as best this Court can gleam – is that Hofelich was sued, "haled into a foreign (California) court,"as well as a Hawaii Court, for breach of contract,(Doc. 1, p. 3). Hofelich apparently lost that suits, or as he puts it, was "swindled in a court sham and found guilty of breach of contract." *Id.* And, as a result of that suit, was ordered by a Hawaii court to forfeit certain property in satisfaction of the judgment against him: "[Hawaii] Judge Ibarra stripped Hofelich

1

of all his business assets in a malicious writ of execution ... and the bogus State of Illinois Trust ... attorneys took all of Hofelich's property for themselves ... to reimburse themselves for the high cost of this malicious and false prosecution." *Id.*

In the present suit, to put it succinctly, Hofelich is now attempting to sue everyone and everything that had any connection whatsoever to that previous lawsuit. Hofelich names over 99 separate parties, all of whom, according to Hofelich were either "fraudulent," "malicious," a "sham," "fictitious," or a "ghost" entity. Practically every individual or entity, Hofelich asserts, either "swindled," "entrapped," "defrauded," "made false representations," or ensnared Hofelich in an elaborate "hoax." *Id.* In addition, Hofelich claims that the named parties violated practically every law known to this Court regarding fraud or misrepresentation. Hofelich states that: "[t]his amended and corrected complaint for monetary damages is brought pursuant to 42 U.S.C. 1983 and 1988, pursuant to 18 U.S.C. 1961, 1962, and 1964, 1965, 1966, 1967, 1968 and pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, common laws and statutes of Illinois, and US Code (USC) regulations associated with interstate commerce and fraud."*Id.* at 5. He goes on to point out that his action is "for violation of ... the Fourth Amendment ... and unlawful activity associated with Title 18 Sections 471-473, 891-894, 1028, 1029, 1341, 1343, 1344, 1503, 1513, 1951, 1952, 1956, 1957, 1958, 2314, 2315, 2320, Title 11 and/or Title 29 ..., and obstruction of interstate commerce, clouding title, unlawful jurisdiction, unlawful conversion, unjust enrichment and breach of contract." *Id.* at 6.

**Analysis:**

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. **28 U.S.C. § 1915(e)(2)** requires federal courts to carefully screen the

complaints filed by pauper status movants. Pursuant to **1915(e)(2)**, this Court must *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. ***Id.***

In reviewing Hofelich's complaint, this Court bears in mind that it must construe pro se complaints liberally. ***Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003).** More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Hofelich's favor. ***See Jogi v. Voges,* 425 F.3d 367, 371 (7th Cir. 2005),** *citing **Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001).** Even viewing Hofelich's allegations in this favorable light, this action fails to pass muster under **1915(e)(2)** for several reasons.

Foremost, the Court finds that this cause of action is frivolous. The Supreme Court and Seventh Circuit have delineated several reasons that a complaint should be found frivolous. For instance, a complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." ***Denton v. Hernandez,* 504 U.S. 25, 31 (1989).** *See also **Flick v. Blevins,* 887 F.2d 778, 780 (7th Cir.1989)**. A claim based on an "indisputably meritless legal theory" is also frivolous. ***Denton,* 504 U.S. at 32;** ***Neitzke v. Williams,* 490 U.S. 319, 327 (1989).** Moreover, a claim is also frivolous when no reasonable person could suppose it to have any merit. ***Lee v. Clinton,* 209 F.3d 1025 (7th Cir.2000).**

Here, although all three aspects of frivolity arguably or applicable, the third aspect is the most obvious. Admittedly, simply because of the sheer number of defendants and the *innumerable* laws Hofelich purports each defendant has violated, if this Court were to exhaustively research each and every permutation of Hofelich's assertions the Court might discover a claim worth

investigating. However, reading the complaint as a whole, it is obvious that Hofelich essentially is attempting to sue everyone and everything that had any involvement whatsoever with a lawsuit he lost. Hofelich's complaint, in sum, alleges that every government, court, individual, and business entity involved in that situation fraudulently conspired against him. As the Supreme Court has noted, "a factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them ..." ***Denton*, 504 U.S. at 26.** Because Hofelich's cause of action – to the extent it is comprehensible – rises to the level of the "irrational" and "wholly incredible," the Court finds this action must be dismissed as frivolous, pursuant to **1915(e)(2).**

In addition to its frivolity, Hofelich's cause of action fails to properly state claims upon which relief can be granted. As mentioned, essentially every claim against every party asserts either "fraud" or "misrepresentation." As such, each of these claims would appear to be subject to **FEDERAL RULE OF CIVIL PROCEDURE 9(b),** which requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularly." Hofelich's complaint fails completely to meet this standard. Indeed, the complete lack of particularity regarding Hofelich's innumerable claims of fraud is a large reason his complaint is so incomprehensible. For the most part, Hofelich simply names parties, makes a vague reference to their involvement in the underlying events and then claims that their involvement was in some manner "fraudulent."

In addition to these problems, it is apparent that Hofelich's complaint asserts causes of action against several entities that are immune from suit. The United States Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to

extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." ***Johns v. Stewart,* 57 F.3d 1544, 1552 (7th Cir.1995).** Moreover, the Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Hawaii County Sheriff's Office. ***Kashani v. Purdue University,* 813 F.2d. 843 (7th Cir.1987).** Although a state may elect to waive its Eleventh Amendment immunity regarding certain causes of action, it is not apparent that Hawaii, California, or Illinois has done so regarding Hofelich's numerous and undefined allegations of fraud.

For all these reasons, the Court hereby **DENIES** Hofelich's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISSES** *without prejudice* Hofelich's cause of action for failing to survive scrutiny under **§ 1915(e)(2).**

**IT IS SO ORDERED.**

**DATED this 12th day of December, 2006.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**